NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES E. LOWNSDALE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1919

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1455, Judge Amanda L. Meredith.

---

Decided:  February 19, 2025

---

JAMES E. LOWNSDALE, Saint Louis, MO, argued pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge*.

James E. Lownsdale appeals a January 25, 2024, decision by the United States Court of Appeals for Veterans Claims. Mr. Lownsdale seeks an earlier effective date for an increased disability rating for his service-connected right knee disability, asserting that his 1980 claim for an increased rating remained pending until 2015. The Veterans Court affirmed the Board's decision finding Mr. Lownsdale was not entitled to an earlier effective date for his right knee condition. J.A. 1–14.

On appeal, Mr. Lownsdale primarily argues that the Veterans Court erred by affirming the Board's determination that his 1980 claim had been finally adjudicated by a 2010 Board decision. He also argues that the Board's decisions rejecting his claims for an increased rating demonstrate its bias toward him. Those arguments involve challenges to factual determinations or application of law to fact, which we lack jurisdiction to consider. *See* 38 U.S.C. § 7292(d)(2) ("[T]he Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."); *see also Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011) ("This court may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue."); *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). We have considered all of the other arguments raised by Mr. Lownsdale and conclude that they likewise fail to raise any issue within our limited jurisdiction. Because we lack jurisdiction to review Mr. Lownsdale's appeal, we dismiss.

**DISMISSED**

COSTS

No costs.